MARGARET A. MCLETCHIE, Nevada Bar No. 10931
PIETER M. O'LEARY, Nevada Bar No. 15297
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff William Fleming*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM FLEMING, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Municipal Corporation; OFFICER JAVON CHARLES, an individual; OFFICER TIMOTHY NYE, an individual; OFFICER GABRIEL LEA, an individual; OFFICER CODY GRAY, an individual; OFFICER SUPREET KAUR, as an individual; OFFICER HALEY ANDERSEN, as an individual; SERGEANT JOHN JOHNSON, as an individual; CAPTAIN DORI KOREN, as an individual; OFFICER RICHARD PALACIOS, as an individual; OFFICER PATRICK WHEARTY, as an individual; OFFICER ANDREW WOOD, as an individual; OFFICER IZAYA HARRIS, as an individual; OFFICER CHAD ROWLETT, as an individual; OFFICER RYAN FESLER, as an individual; OFFICER NICHOLAS PEREZ, as an individual; DOE OFFICERS V – X, individuals.<br><br>　　　　Defendants. | Case No.: 2:23-cv-00177-RFB-EJY<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS** |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff William Fleming, by and through his counsel of record, hereby moves this Court for an order extending by seven (7) days the time in which to complete service of process upon Defendant Officers Izaya Harris, Chad Rowlett, Ryan Fesler, and Nicholas Perez in the above-captioned matter.

FRCP 4(m) mandates that, if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." 90 days after the operative complaint (ECF No. 40) was filed is March 13, 2024.

FRCP 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." *Williams v. Bellagio Hotel & Casino*, No. 2:23-cv-00325-JAD-DJA, 2023 U.S. Dist. LEXIS 157075, at *4 (D. Nev. Sep. 6, 2023) (quoting *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003)). Here, as argued below, good cause exists for failure to effectuate service.

Alternatively, Plaintiff demonstrates excusable neglect in failing to effectuate service. "District courts also 'have broad discretion to extend time for service' and should 'consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Williams*, 2023 U.S. Dist. LEXIS 157075, at *4 (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)).

Finally, on March 13, 2024, Plaintiff's counsel spoke with Defendants' counsel, who indicated Defendants would not oppose the instant request. Thus, this Court should extend the deadline to effectuate service upon Defendants by seven (7) days.

**A.    Good Cause Exists to Extend the Service Deadline.**

"'Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect,' and may be supported by a further showing that 'the party to be served personally received actual notice of the lawsuit,' 'the defendant would suffer no

2

prejudice,' and 'plaintiff would be severely prejudiced if his complaint were dismissed.'" *Williams*, 2023 U.S. Dist. LEXIS 157075, at *4 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009)).

Good cause exists here to extend the time for serving the above-named Defendants because of unexpected personal and medical issues, competing deadlines, and staffing issues for Plaintiff's counsel.

Here, although Plaintiff cannot demonstrate that named Defendants have received notice of the lawsuit, they cannot demonstrate that they would suffer prejudice, as discovery has recently begun in this matter. Thus, named Defendants who will not ultimately be represented by the same counsel as other Defendants would have ample opportunity to obtain counsel and prepare for litigation. Plaintiff, by contrast, would be severely prejudiced. Thus, good cause exists to extend the service deadline by seven (7) days.

**B.     Alternatively, Plaintiff Demonstrates Excusable Neglect and the Court Should Exercise Its Discretion to Extend the Service Deadline.**

To determine whether excusable neglect has been shown under FRCP 4(m), the court must examine the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bonham v. Daniels*, No. 2:21-cv-01566-CDS-VCF, 2023 U.S. Dist. LEXIS 164172, at *6 (D. Nev. Sep. 14, 2023) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)). Here, these factors weigh in favor of a finding of excusable neglect and granting a brief extension of the deadline to serve Defendants.

Here, there is very little danger of prejudice to Defendants, as little has occurred procedurally in this matter. *Bonham*, 2023 U.S. Dist. LEXIS 164172, at *6-7 (finding excusable neglect where "little has occurred procedurally, so that potential prejudice is not significant"). Indeed, discovery has recently begun in this matter. For similar reasons, the length of this delay in service—a mere seven days—would have little impact on judicial proceedings. Finally, Plaintiff is acting in good faith. Notably, the court "may extend time

3

for service of process retroactively after the 90-day service period has expired." *Campbell v. Nev. Dep't of Corr.*, No. 2:20-cv-00634-CDS-VCF, 2022 U.S. Dist. LEXIS 189929, at *3 (D. Nev. Oct. 14, 2022) (citing *Mann*, 324 F.3d at 1090).

Finally, on March 13, 2024, Plaintiff's counsel spoke with Defendants' counsel, Jackie Nichols, who indicated Defendants would not oppose the instant request, which further evidences a lack of prejudice. Plaintiff's counsel appreciates Defendants' counsel's professional courtesy.

Therefore, Plaintiff respectfully moves for an extension of seven (7) days to effectuate service on Defendants.

DATED this 13th day of March, 2024.

/s/ Leo S. Wolpert
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff William Fleming*

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Dated: March 14, 2024

4