MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff William Fleming*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM FLEMING, an individual,<br><br>    Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Municipal Corporation; OFFICER JAVON CHARLES, an individual; OFFICER TIMOTHY NYE, an individual; OFFICER GABRIEL LEA, an individual; OFFICER CODY GRAY, an individual; OFFICER SUPREET KAUR, as an individual; OFFICER HALEY ANDERSEN, as an individual; SERGEANT JOHN JOHNSON, as an individual; CAPTAIN DORI KOREN, as an individual; OFFICER RICHARD PALACIOS, as an individual; OFFICER PATRICK WHEARTY, as an individual; OFFICER ANDREW WOOD, as an individual; OFFICER IZAYA HARRIS, as an individual; OFFICER CHAD ROWLETT, as an individual; OFFICER RYAN FESLER, as an individual; OFFICER NICHOLAS PEREZ, as an individual; DOE OFFICERS V – X, individuals.<br><br>    Defendants. | Case No.: 2:23-cv-00177-RFB-EJY<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT IZAYA HARRIS**<br><br>**(THIRD REQUEST)** |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff William Fleming, by and through his counsel of record, hereby moves this Court for an order extending the time in which to complete service of process upon Defendant Izaya Harris.

FRCP 4(m) mandates that, if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." 90 days after the operative complaint (ECF No. 40) was filed is March 13, 2024. The Court granted Plaintiff's Unopposed Motion to Extend the deadline to serve Defendants Izaya Harris, Chad Rowlett, Ryan Fesler, and Nicholas Perez. (ECF No. 46.) Service was effectuated on Defendants Rowlett, Fesler, and Perez via their employer, Defendant LVMPD, on March 18, 2024.

Since then, the Court granted Plaintiff's Unopposed Motion to Extend the Service Deadline for Defendant Izaya Harris, granting a 45-day extension of time (ECF No. 49) making the current deadline to serve Defendant Harris May 3, 2024. However, efforts to serve Defendant Harris have so far been unsuccessful. Although Plaintiff's counsel obtained his Nevada address and commissioned a process server to personally serve him, the server was unable to do so. This is because Defendant Harris moved to Maryland to participate in unknown professional training, where he will be staying until at least the end of 2024. Plaintiffs have obtained Defendant Harris's Maryland address and have commissioned a process server to serve him in Maryland, but as of the current date, service has not yet been effectuated upon him.

FRCP 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." *Williams v. Bellagio Hotel & Casino*, No. 2:23-cv-00325-JAD-DJA, 2023 U.S. Dist. LEXIS 157075, at *4 (D. Nev. Sep. 6, 2023) (quoting *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003)). Here, good cause exists for failure to effectuate service upon Mr.

Harris. Specifically, Defendant Harris is no longer employed by Defendant LVMPD, which required.

Alternatively, Plaintiff demonstrates excusable neglect in failing to effectuate service. "District courts also 'have broad discretion to extend time for service' and should 'consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Williams*, 2023 U.S. Dist. LEXIS 157075, at *4 (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)).

Regardless, this Court should extend the deadline to effectuate service upon Defendant Harris by forty-five (45) days.

### A. Good Cause Exists to Extend the Service Deadline.

"'Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect,' and may be supported by a further showing that 'the party to be served personally received actual notice of the lawsuit,' 'the defendant would suffer no prejudice,' and 'plaintiff would be severely prejudiced if his complaint were dismissed.'" *Williams*, 2023 U.S. Dist. LEXIS 157075, at *4 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009)).

As noted above, good cause exists here to extend the time for serving Defendant Harris because, once Plaintiff's counsel learned that Defendant Harris was no longer employed by Defendant LVMPD on March 18, 2024, Plaintiff's counsel attempted to effectuate service on his local address. These attempts were unsuccessful, as Defendant Harris moved to Maryland to participate in unknown professional training. Plaintiffs' counsel has contacted Defendant Harris via email and telephone to discuss acceptance and/or waiver of service. Plaintiffs' counsel has also obtained Defendant Harris's Maryland address and has commissioned a process server to serve him in Maryland. Plaintiffs' counsel expects service to be effectuated upon Defendant Harris imminently.

Here, although Plaintiff cannot demonstrate that Defendant Harris has received notice of the lawsuit, he cannot demonstrate that he would suffer prejudice, as discovery has recently begun in this matter. Thus, Defendant Harris would have ample opportunity to obtain

counsel and prepare for litigation. Plaintiff, by contrast, would be severely prejudiced by exclusion of Defendant Harris from this matter. Thus, good cause exists to extend the service deadline by forty-five (45) days.

### B. Alternatively, Plaintiff Demonstrates Excusable Neglect and the Court Should Exercise Its Discretion to Extend the Service Deadline.

To determine whether excusable neglect has been shown under FRCP 4(m), the court must examine the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bonham v. Daniels*, No. 2:21-cv-01566-CDS-VCF, 2023 U.S. Dist. LEXIS 164172, at *6 (D. Nev. Sep. 14, 2023) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)). Here, these factors weigh in favor of a finding of excusable neglect and granting a brief extension of the deadline to serve Defendant Harris.

Here, there is very little danger of prejudice to Defendant Harris, as little has occurred procedurally in this matter. *Bonham*, 2023 U.S. Dist. LEXIS 164172, at *6-7 (finding excusable neglect where "little has occurred procedurally, so that potential prejudice is not significant"). Indeed, discovery has recently begun in this matter. For similar reasons, the length of this delay in service—a proposed forty-five days—would have little impact on judicial proceedings. Finally, Plaintiff is acting in good faith. Notably, the court "may extend time for service of process retroactively after the 90-day service period has expired." *Campbell v. Nev. Dep't of Corr.*, No. 2:20-cv-00634-CDS-VCF, 2022 U.S. Dist. LEXIS 189929, at *3 (D. Nev. Oct. 14, 2022) (citing *Mann*, 324 F.3d at 1090).

Finally, on May 3, 2024, Plaintiff's counsel spoke with Defendants' counsel, Jackie Nichols, who indicated Defendants would not oppose the instant request, which further evidences a lack of prejudice. Plaintiff's counsel appreciates Defendants' counsel's professional courtesy.

Therefore, Plaintiff respectfully moves for an extension of forty-five (45) days to effectuate service on Defendant Izaya Harris.

4

DATED this 3rd day of May, 2024.

/s/ Leo S. Wolpert
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff William Fleming*

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Dated: May 3, 2024

5